PER CURIAM.
Raul Velazquez, appellant and plaintiff below ("Velazquez"), appeals a November 8, 2016 final judgment entered in favor of appellees, defendants below, Josh Herman and Herman Bail Bonds, Inc. (together, the "Herman Defendants"). While the jury returned a verdict against the Herman Defendants on Velazquez's civil conspiracy claim, the trial court granted the Herman Defendants' post-trial motions and entered the challenged final judgment notwithstanding the jury verdict in Velazquez's favor. We affirm.
Velazquez's son, Darli Velazquez-Armas ("Darli"), was arrested in January 2007, and charged with federal drug trafficking violations. The United States District Court for the Southern District of Florida *203 conditioned Darli's release on the posting of a $1,000,000 corporate surety bond. Once Velazquez arranged for this surety bond, Darli was released from custody. Shortly thereafter, in March 2007, Darli absconded.
There were several stages to Velazquez's effort to secure the surety bond. Initially, Velazquez contacted a local bail bondsman, Emilio Faroy of Faroy Bail Bonds. Faroy enlisted the assistance of Joe Mastrapa and his company Surety Financial of America Corporation. Mestrapa put Faroy in contact with the Herman Defendants in California who had a business affiliation with International Fidelity Insurance Company ("IF"). Velazquez (and his wife) executed IF's written application for appearance bond and an indemnity agreement, and obtained the surety bond from IF. Velazquez paid a $100,000 premium (which was split by Faroy, Mastrapa and the Herman Defendants), and put up as collateral properties he owned in Miami and North Carolina. After Darli absconded, Faroy and Mastrapa demanded that Velazquez provide additional funds toward the apprehension of Darli. Velazquez raised $441,211.73 in cash and partial proceeds from a quick sale of the Miami property to Darli's wife.[1]
Velazquez paid the $441,211.73 to Faroy and Mastrapa who, in turn, forwarded this sum to the Herman Defendants. The Herman Defendants hired a bounty hunter named Rolando Betancourt who tracked down Darli and returned him to federal custody in August 2007.
After Darli's capture, Velazquez demanded the return of his additional funds, less the reasonable costs and fees incurred in the apprehension of Darli. Although Betancourt's final bill was for $371,056.59, the Herman Defendants paid him only $191,000.[2] Velazquez filed suit in March 2011. The gravamen of Velazquez's complaint was that the several bail bondsmen overcharged Velazquez for the apprehension of Darli. Velazquez sued ten defendants and raised numerous legal theories; essentially, Velazquez alleged that the Herman Defendants conspired with the other defendants to convert his property. After a series of dismissals and summary judgments, Velazquez went to trial against only the Herman Defendants on a lone civil conspiracy count. On August 14, 2015, the jury found in Velazquez's favor and awarded him $250, 211.73.[3]
The Herman Defendants filed post-trial motions seeking a judgment notwithstanding the jury's verdict, and the trial court conducted extensive hearings on the motions, resulting in the trial court rendering a detailed, 36-page order that granted the Herman Defendants' post-trial motions. Ultimately, the trial court entered the challenged final judgment in favor of the Herman Defendants.
The trial court essentially determined that, if Velazquez had a claim against the Herman Defendants, it was not a civil conspiracy claim, but "a garden variety breach of contract claim premised upon an alleged failure to return money advanced pursuant to an express written agreement *204 entered into between Velazquez and IF - through IF's agent - Herman."[4]
The trial court found that: (i) IF and the Herman Defendants had a right to protect the $1,000,000 surety bond by pursuing Darli; (ii) IF and the Herman Defendants had a contractual right to require Velazquez to advance expense money to pursue Darli; (iii) if the Herman Defendants' investigative expenses were excessive or unreasonable, the Herman Defendants' failure to return any excess funds to Velazquez neither constituted tortious conduct nor provided a foundation for a civil conspiracy claim; and (iv) "if all funds advanced were not used to secure Darli's recapture, IF - and Herman - had a contractual obligation to return the unearned portion."
After our careful review of the record on appeal, we find no error in the trial court's analysis set forth in its comprehensive and well-reasoned order on the Herman Defendants' post-trial motions.
Affirmed.

The District Court did not estreat the surety bond. Eventually, the District Court discharged the surety bond in February 2008.

At trial, Josh Herman testified that the Herman Defendants incurred additional expenses by hiring other investigators so that their total expenditure was approximately $439,000.

The jury arrived at this award by subtracting the $191,000 payment to Betancourt from the $441,211.73 that Velazquez paid in additional funds. After an error in the verdict, the trial court granted Velazquez's motion to amend the verdict to reflect the jury's intent to award $250,211.73.

We note, as the trial court did, both that IF obtained summary judgment on Velazquez's breach of contract claim, and that the record does not reflect whether Velazquez appealed this summary judgment.